**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4464
_____

CARLOS ORDONEZ-MORALES,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-808-035)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 30, 2010

Before:  BARRY, AMBRO and ROTH, Circuit Judges

(Opinion filed: April 1, 2010 )
_____

OPINION
_____

PER CURIAM

Carlos Ordonez-Morales, a native and citizen of Guatemala, entered the United

States in October 1992 without being admitted or paroled.  In July 1993, he filed an

application for asylum, claiming that he had been persecuted by guerillas in Guatemala

after he was selected to participate in the Army Reserves. R. 156. His application remained unadjudicated until after the Government charged him with removability in 2008. Ordonez-Morales conceded the charge and sought asylum, withholding, and protection under the Convention Against Torture ("CAT") through an amended asylum application. In his amended application, the basis for his claims for relief was that a threat was made against him after he turned 18 and began looking for information about why his father was killed when he was a child.

After a hearing, an Immigration Judge denied Ordonez-Morales's application. The Board of Immigration Appeals ("BIA") dismissed his subsequent appeal. Ordonez-Morales, representing himself, presents a petition for review.

We have jurisdiction over Ordonez-Morales's petition pursuant to 8 U.S.C. § 1252(a). We consider questions of law de novo, see Gerbier v. Holmes, 280 F.3d 297, 302 & n.2 (3d Cir. 2002), and we review factual findings for substantial evidence, see Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).

Upon review, we will deny the petition for review. Despite Ordonez-Morales's arguments to the contrary, the BIA did not err in concluding that he was not entitled to asylum because he had not shown past persecution or a well-founded fear of future persecution.[1]

---

[1] We agree with the Respondent that all other issues are waived on appeal because Ordonez-Morales did not challenge the decisions regarding withholding or CAT relief or the other issues that Ordonez-Morales raised in his agency appeal. See Lie v. Ashcroft,

2

Ordonez-Morales testified that when he turned 18, he began investigating the circumstances of his father's disappearance and death, which occurred for reasons unknown when he was three or four years old. R. 117-18, 123. He entered the military zone and made two or three inquiries to the Guatemalan military. R. 116-18. Subsequently, in 1992, a neighbor passed on a threat from an unknown (but possibly government) source to his mother that, if Ordonez-Morales continued investigating, she would be mistreated or "the same thing would happen to her." R. 115, 117. His mother also told him that he was on a list of people that the government or army investigated. R. 119.

Ordonez-Morales did not establish past persecution. He conceded that he had not been threatened, beaten, imprisoned or arrested in Guatemala. R. 126. At most, he described an indirect threat. However, for a threat to constitute persecution, it must be highly imminent and concrete. See Chavarria v. Gonzalez, 446 F.3d 508, 518 (3d Cir. 2006); Li v. Attorney Gen. of the United States, 400 F.3d 157, 165 (3d Cir. 2005). It also must be sufficiently menacing so as to cause significant actual suffering or harm. See Chavarria, 446 F.3d at 518. The threat that Ordonez-Morales testified about did not rise to the level of persecution.

Ordonez-Morales also argues that the BIA should have held that he had a well-founded fear of future persecution because of the disappearance and death of his father in

396 F.3d 530, 532 n.1 (3d Cir. 2005).

the past.  However, despite claiming in his brief that his father was persecuted by members of the Guatemalan military establishment, he conceded at his hearing that he did not know who killed his father, R. 123.  Thus, he did not establish before the agency that his father's death resulted from persecution on the basis of a protected ground, let alone prove that any alleged persecution could be imputed to him.

Ordonez-Morales did not otherwise prove a well-founded fear of future persecution, because nothing in the record suggests that he would be singled out in Guatemala for persecution on account of a protected ground.  See Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006).  Moreover, his mother, to whom the threat was directed, remains unharmed in Guatemala, according to his testimony, R. 127. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (holding that the reasonableness of a petitioner's well-founded fear of future persecution is diminished when family members remain in the petitioner's native country without meeting harm).

In short, we hold that the BIA did not err in concluding that Ordonez-Morales was not entitled to asylum.  Accordingly, we will deny the petition for review.